UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAYLOR BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1413 JMB |
| | ) | |
| CITY OF FLORISSANT POLICE DEPT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Taylor Bennett, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will plaintiff's motion to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of her Fourth Amendment rights against illegal search/seizure, false arrest, false imprisonment, ineffective assistance of legal counsel/malpractice in a criminal case, conspiracy and malicious prosecution.

Plaintiff states that on Monday, August 27, 2013, she was looking at rental properties in the City of Florissant. She claims that she stopped at the corner of Washington Street and North Castello Drive to drink some water when Police Officer Daniel Fletcher, an Officer with the City of Florissant, drove past her and "executed a U-turn" on the road.

Plaintiff asserts that she was stopped by Officer Fletcher because she matched the description of an individual who had been reported to have been opening mailboxes and taking mail in the Florissant area. Plaintiff asserts in her complaint that she did not match the description given to dispatch by Unknown defendant Danielson, a resident in the City of Florissant. Plaintiff claims that Danielson told dispatch that the person stealing mail was a "heavy set white male with a backpack," and because she was a female, she should not have been stopped by Officer Fletcher.

Plaintiff claims that after Officer Fletcher stopped to talk to plaintiff, Defendants Sachs and Doe, two additional Police Officers with the City of Florissant, arrived to "surround" plaintiff and "effectively stop" her from leaving. Plaintiff states that while Officer Fletcher was "running the name plaintiff gave him," Sachs threatened plaintiff with detention if the search of her backpack wasn't allowed. Plaintiff states that she stood up placing both her arms in front of her stating, "whatever, I don't care."

Plaintiff alleges that after defendant Fletcher returned to the scene unable to ascertain plaintiff's name, he advised her she was under arrest for trespass. She claims she was arrested on misdemeanor charges without a warrant and without probable cause. She claims this violated her Fourth Amendment rights. She asserts that at this time, Officer Sachs searched plaintiff's backpack and located plaintiff's identification, a credit card in the name of Harold Larson (which plaintiff stated was her stepfather), and several envelopes plaintiff claimed she picked up for a friend.

Plaintiff asserts that she was taken to the City of Florissant Police Department for processing, and Defendant Police Officer Hale placed a piece of paper on the desk in front of her

and asked, "Do you want to just read it or sign it?" Plaintiff states that she just signed it, but she was never properly Mirandized. She claims that during her interview, she requested to stop being interviewed several times, but her "request was ignored by Detectives." She was then placed in a cell for almost 72 hours without an initial appearance for the charges of trespass.

Plaintiff states that the conditions in the cell were somewhat difficult. She claims she didn't have shoes on in the cell, she was not given the opportunity to shower during her three days there, had no access to toothbrush or toothpaste or soap, and she was only given an orange jumpsuit. She claims that she was made to use the toilet in front of anyone walking past the cell at the time. She states that the cell was "unclean, and that the toilet looked like it had not been cleaned in months. Plaintiff states that she was only given a thin blanket to use, but she does not indicate the temperature in the cell.[1]

Plaintiff next states that water in the cell was consumed from an apparatus on top of the toilet. And she claims that the water apparatus had poor water pressure, causing her to touch her mouth on the toilet. Additionally, plaintiff claims that the person who handed out medication at the Jail failed to wear gloves.

Plaintiff claims that she was eventually charged with federal mail fraud, as well as possession of stolen mail, and she was assigned Federal Public Defender Lucille Liggett. She

---

[1]Plaintiff has not brought a conditions of confinement claim in this lawsuit. Even if she had brought such a claim, it would not state a constitutional claim for relief. To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied her the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to her health or safety. *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Plaintiff has not met these standards in this instance.

claims that she told defendant Liggett exactly how she wanted to attack her case, notably, that the stop had been unreasonable and the evidence seized had been "fruits of the poisonous tree."

Plaintiff was charged by complaint in this Court on September 25, 2013, with aggravated ID theft. *See United States v. Bennett*, No. 4:13CR441 RWS (E.D.Mo.). On October 23, 2013, plaintiff was charged by indictment. Not only was plaintiff charged with mail fraud and possession of stolen mail, but she was also charged with possession of 15 or more unauthorized access devices, and access device fraud. Plaintiff waived her right to file pretrial motions, and she pled guilty on January 9, 2014, to four counts of the indictment. Plaintiff was sentenced on April 3, 2014, to a forty-eight month term of imprisonment on each of Counts 1, 3, 4 and 5, all such terms to be served concurrently. *Id.* Plaintiff failed to file an appeal of her conviction and sentence.

On August 18, 2014, plaintiff filed a motion to vacate, set aside or correct her sentence. *See Bennett v. United States*, No. 4:14CV1438 RWS (E.D.Mo.). The Court denied plaintiff's motion on April 21, 2015 and declined to issue a certificate of appealability. Plaintiff failed to file an appeal of the denial of the motion to vacate.

On August 12, 2015, plaintiff filed a successive motion to vacate her sentence. *See Bennett v. United States*, No. 4:15CV1250 RWS (E.D.Mo.). The Court transferred plaintiff's motion to vacate to the Eighth Circuit Court of Appeals, who declined to issue a petition for authorization to file a successive habeas application.

On December 21, 2017, plaintiff filed another successive motion to vacate her sentence. *See Bennett v. United States*, No. 4:17CV2916 RWS (E.D.Mo.). The Court denied plaintiff's motion to vacate as a successive petition on December 22, 2017.

**Legal Argument**

Plaintiff brings this § 1983 action, alleging defendants Lowery[2], Fletcher, Sachs, Doe and Hale violated her Fourth Amendment right to be free of an unreasonable search and seizure without probable cause when they improperly stopped her without a reasonable suspicion, arrested her and interviewed her. Plaintiff also asserts that she was improperly falsely imprisoned for 72 hours while she was awaiting her preliminary hearing.

Plaintiff asserts that defendant Fletcher lacked reasonable suspicion to do a "Terry stop" on plaintiff, and he lacked probable cause to arrest her for trespass and loitering. Further, plaintiff asserts that she "refused" to allow defendant Sachs permission to search her backpack. Plaintiff alleges that defendants Fletcher and Sachs conspired together to falsely arrest plaintiff gain access to her backpack and that defendant Doe stood by and allowed these defendants to act in an unlawful manner.

Similarly, plaintiff alleges that defendants falsely arrested her and falsely imprisoned her without probable cause. Plaintiff also alleges that defendants, including defendant Hale, violated her rights under the Sixth Amendment by failing to properly protect her *Miranda* rights prior to her interview.

Plaintiff asserts that defendants' actions were the result of "a lack of training and supervision or a de facto policy of failing to comply with Fourth Amendment standards" on the part of the Florissant Police Department. However, she has not provided any factual information regarding this lack of training or de facto policy.

---

[2]Timothy Lowery is the Chief of Police for the City of Florissant. Plaintiff has not made any specific allegations against this defendant in her statement of facts.

Plaintiff alleges that she was ineffectively represented by public defender Lucille Liggett during her criminal proceedings when defendant Liggett failed to follow the trial strategy requested by plaintiff.

Plaintiff states that defendants committed "fraud on the Court" and a "conspiracy to violate her constitutional rights," when they shared a letter she sent to Judge Rodney Sippel prior to her criminal case going to trial. Plaintiff claims that because Lucille Liggett is an "officer of the Court," and she told plaintiff she should not have written the letter, and she then shared the letter with the prosecutor, Liggett and the prosecutor acted together to keep defendants' unlawful actions quiet and failed to investigate their unconstitutional behavior against plaintiff. Plaintiff further alleges that defendants maliciously prosecuted her

Plaintiff seeks monetary damages in this action.

## Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of her conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Plaintiff has admitted that she is guilty of mail fraud, access device fraud, possession of 15 or more unauthorized access devices, as well as possession of stolen mail.[3] *See United States*

---

[3]Simple failure to read Miranda warnings to an arrestee does not violate the arrestee's rights and cannot be grounds for a §1983 action. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Additionally. the Supreme Court of the United States has held that a criminal defendant waives the privilege

*v. Bennett,* No. 4:13CR441 RWS (E.D.Mo). Thus, arguing in a § 1983 lawsuit that she was unconstitutionally seized, wrongly arrested, maliciously prosecuted or that the statements against her were false would necessarily imply the invalidity of the crime for which she has pled guilty.[4] As such, *Heck* bars plaintiff's Fourth Amendment claims that she was illegally seized, arrested without probable cause, maliciously prosecuted and that she was falsely arrested/falsely imprisoned as a result of fabricated reports.

Plaintiff states that she is bringing claims of either legal malpractice or claims under the Sixth Amendment against her public defender, Lucille Liggett. Claims against defendant Liggett are subject to dismissal, as "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). *See also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").[5]

---

against self-incrimination when she enters a plea of guilty. *Godinez v. Moran,* 509 U.S. 389, 397 n. 7 (1993).

[4] Plaintiff did not file a direct appeal of her conviction.

[5] To the extent plaintiff wishes to bring an ineffective assistance of counsel claim against defendant Liggett in a post-conviction proceeding, this Memorandum and Order does not bar plaintiff from doing so. Normally ineffective assistance of counsel claims may be asserted in a post-conviction proceeding under 28 U.S.C. § 2255. However, such a claim would relate solely to defendant's conviction and could not state a claim for civil damages, and would need to be filed within one year for the conviction becoming final. *See* 28 U.S.C. 2255(f)(1).

Plaintiff's claims against the prosecutor, to the extent she is asserting some, are wholly based upon his alleged wrongdoing while initiating and pursuing the criminal prosecutions of her. However, prosecutors are immune from such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Plaintiff's allegations that the prosecutor was out to get him or acted in bad faith does not save her claims. Immunity for the performance of prosecutorial functions is not defeated by allegations of improper motivation. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation); *see, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Lerwill v. Joslin*, 712 F.2d 435, 441 (10th Cir. 1983).

Plaintiff's policy and custom claims against the City of Florissant, Sheriff Timothy Lowery, and Florissant Jail, also fail to state a claim upon which relief may be granted.

Plaintiff asserts that the these entities are subject to *Monell* violations because Sheriff Timothy Lowery, who is the purported "policymaker" for the City and the Jail, "endorse a custom or policy" of using purported coercive tactics to get suspects in criminal cases to incriminate themselves and/or because the City of Florissant's Police Officers use unconstitutional policies when making stops. However, plaintiff has failed to provide any other

factual allegations relating to such policies. Nonetheless, she asserts that the Jail, the City of Florissant and Sheriff Lowery should be held liable under "*Monell*" for such policies or customs.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which a plaintiff can prove municipal liability.

First, a plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff has not alleged any facts in her complaint that would demonstrate a policy or custom that is unconstitutional or that violates her and others' civil rights. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Accordingly, plaintiff's allegations against defendants regarding *Monell* liability fail to state a claim.

Plaintiff's also states that she is bringing a § 1983 civil conspiracy claim against all of the defendants. To prevail on a § 1983 conspiracy claim, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). As noted above, plaintiff herein has failed to state a viable

claim that her constitutional rights were violated, and she therefore cannot maintain a § 1983 conspiracy claim. Even if plaintiff had successfully alleged a constitutional violation, her § 1983 conspiracy claim would fail.

The prosecutor plaintiff has brought claims against is immune from such a claim because her alleged participation consisted of otherwise immune acts, and plaintiff's allegations of conspiracy against the other defendants are wholly conclusory. Allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988); *see also Iqbal*, 556 U.S. at 678. Plaintiff has simply failed to do so.

Because the Court is dismissing plaintiff's federal claims, the Court will also dismiss any remaining supplemental state claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that that this action is **DISMISSED** without prejudice pursuant to the doctrine of *Heck v. Humphrey* 512 U.S. 477, 486-87 (1994) and 28 U.S.C. §1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought any state law claims against defendants, those claims are **DISMISSED**, pursuant to 28 U.S.C. § 1367(c)(3), as the Court declines to exercise supplemental jurisdiction over those claims.

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of February, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE